DEBT.

Case 24.

Sept. 23.

The case stated.

## Lamb *vs* Fox, &c.

ERROR TO THE MASON CIRCUIT.

*Witnesses.    Parties.    Discharge in Bankruptcy.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS was an action of debt brought by Lamb, as assignee of Wm. Parker, against C. J. Fox, John Teeples, and A. Fox, on a note for $2132 79 cents, to which C. J. Fox pleaded and exhibited his certificate of discharge as a bankrupt, under the act of Congress, and A. Fox pleaded payment. By consent of the parties the trial as to the facts as well as the law, was submitted to the Judge. The case turned solely upon the question whether certain payments, amounting to near $2000, made by A. Fox to Wm. Parker, the payee of the note, after the date of the assignment, and applied by Parker to the credit of a note for the same amount, which he held on C. J. Fox and John Teeples, but to which A. Fox was no party, should have been applied as credits upon the note now in suit, but which was not due until about nine months after said payments were made.

The certificate of bankruptcy pleaded by C. J. Fox, not having been impeached in evidence, nor any intimation of such impeachment having been given, the defendant, A. Fox, desiring to make him a witness, released him from all responsibility to himself as the security of said C. J. Fox on the note sued on, and for any payment

he might be compelled to make on it; and the Court dismissed the suit as to said C. J. Fox, ordering a judgment to that effect, and allowed him to be sworn as a witness. This course was excepted to by the plaintiff, and its propriety or impropriety forms the first question to be considered.

There can be no doubt that by the certificate of bankruptcy and the release of A. Fox, the security, the witness was divested of all interest in the event of the suit, and the only objection is, that he was a party to the record. But by the dismissal of the suit as to him, and the judgment in his favor, he was no longer a party to the record; and although the practice does not prevail in jury trials in actions on contracts, to permit the jury to find a verdict for one defendant, in order that he, being thus cut loose from the record, may be a witness for the others; and although there might, in most cases, be an inconvenience in allowing such a proceeding, and except in case of pleas going to the personal discharge of the proposed witness, there may be, in other respects, insuperable objections to such a course. Yet as the certificate of bankruptcy operates as an absolute discharge of the bankrupt, neither affecting nor being affected by the result of the suit as to other parties, we see no good reason why the bankrupt might not be actually discharged from the suit and from the record, before the case as to the other parties is determined, and especially when it can be done without the inconvenience of submitting his case separately to a jury. A plaintiff in such cases has been allowed to enter a *nolle prosequi* against the particular defendant, whereby he is made a competent witness; *Greenleaf on Evidence*, 401, (and 16 *East*, 171; 7 *Taunt*. 607; 2 *B. & C.* 558, and 6 *Bing*. 206, there referred to.) And the principle of reciprocity requires that at least in a case where it could produce no inconvenience in the business of the trial, the defendants who have to make out a disputed case, should have some means of disengaging from the record, a co-defendant whose case is not only undisputed, but wholly independent of theirs, and whose testimony may be material for them.

A principal in a note sued on in conjunction with his security who has received a discharge as a bankrupt, and the suit dismissed as to him, and being released by his principal from all responsibility to him, is a competent witness for the surety.

A case cited
where on the
plea of discharge
in bankruptcy
being plead by a
defendant, the
jury were per-
mitted to retire
and find as to
such defendant,
that he might be
sworn as a wit-
ness for the
other defendant.

In the case *Bate* vs *Russell*, (1 *Moody & Walk.* 332,) upon the plea of bankruptcy by one defendant, Parker Justice even permitted a verdict to be returned on the plea, in order that the defendant, being no longer a party, might be a witness. We do not perceive that such a practice violates the principle of the rule, which on the ground of policy excludes a party to the record, from being a witness. As a question of mere convenience, it should rest mainly in the discretion of the Judge presiding over the trial. And, as in this case, the Judge was the sole trier of the facts, as well as the law, and the course pursued occasioned no interruption or inconvenience in the trial, we cannot say that there was any impropriety in it.

Upon the testimony of C. J. Fox, the only witness for the defendant, A. Fox, and the deposition of Wm. Parker, assignor of the note, the only witness for the plaintiff, and who was made competent by a release from him, the Court rendered a judgment for the plaintiff, to be credited by the payments which A. Fox had made to Parker, and which Parker had applied as credits to the other note. And the propriety of this disposition of these credits, is the only remaining question.

[The remainder of this opinion was not directed to be published, being only an argument of the Court upon the evidence, in which the Court sustain the decision of the Circuit Judge.—REPORTER.]

*Beatty and Hewitt* for plaintiff: *Hord* for defendant.